BIMINI BAIT SHACK, LLC,

                Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY D/B/A
CHUBB,

                Defendant.

_____/

IN THE CIRCUIT COURT OF THE
20TH  JUDICIAL CIRCUIT IN AND
FOR LEE COUNTY, FLORIDA

CASE NO.:

## COMPLAINT

COMES NOW, Plaintiff, BIMINI BAIT SHACK, LLC, by and through undersigned counsel, and hereby files this Complaint against the Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY D/B/A CHUBB, and allege the followings:

### PARTIES, JURISDICTION, AND VENUE

1.  That this is an action for damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00) exclusive of interest, attorney's fees and costs, and is otherwise within the jurisdictional limits of this Court.

2.  That at all times material hereto the Defendant was an insurance company authorized to do business in the State of Florida and doing business in LEE County, Florida.

3.  That at all times material hereto the Plaintiff is and was a Florida corporation with its principal place of business in Lee County, Florida, and is otherwise sui juris. The Plaintiff's property is located in Lee County, Florida, and the policy of insurance involved herein was issued by Defendant to Plaintiff in Lee County, Florida.

4.  WESTCHESTER SURPLUS LINES INSURANCE COMPANY D/B/A CHUBB subjected itself to the jurisdiction of this Court by virtue of Fla. Stat. § 48.193(4) by contracting to insure a person, property, or risk located within this state at the time of contracting.

5.  At all times material hereto, Plaintiff owned the property located at  17501 HARBOUR POINTE DRIVE FORT MYERS, FL 33908 (hereafter referred to as "Insured Premises").

6.  Jurisdiction and venue are proper in Lee County, Florida.

## GENERAL ALLEGATIONS

7.  On or about September 28, 2022, the Insured Premises suffered direct physical damage as the result of a covered loss, which was the peril of hurricane (hereafter referred to as the "Loss").

8.  On the date of the Loss, there was an insurance policy (Policy Number: FSF1587305A 003) in full force and effect providing insurance coverage to the Insured Premises (hereafter referred to as the "Policy"). Plaintiff is not in possession of a certified copy of the Policy but believes one to be in possession of Defendant. Plaintiff will obtain a certified copy of the Policy in discovery.

9.  The Plaintiff has furnished the Defendant with timely notice of the loss, proof of claim, and has otherwise performed all conditions precedent to recover under the policy and under the applicable Florida Statutes.

10. Defendant acknowledged the claim and assigned Claim Number KY22K2903417 to this matter (hereafter referred to as the "Claim").

11. After completing its investigation, the Defendant has refused to pay the full amount of the Claim.

## COUNT I – BREACH OF CONTRACT

Plaintiff readopts and realleges Paragraphs one (1) through eleven (11) above as if fully stated herein, and further alleges as follows:

12. The Policy is a contract to which the Plaintiff and Defendant are parties.

13. The Policy provides insurance coverage to the Insured Premises on an "all risk" basis, meaning that all risks are covered unless specifically excluding the cause of the Loss.

14. There is no language in the Policy specifically excluding the cause of the Loss to the Insured Premises.

15. The Defendant's refusal to pay the full amount of the Claim is contrary to the terms of the insurance policy and/or Florida law and represents a breach of the contract.

16. As a direct result of Defendant's breach of contract, Plaintiff suffered damages.

17. Plaintiff complied with all of their post loss obligations and conditions precedent to the filing of this action, or in the alternative, all conditions have been waived by the Defendant.

18. As a direct and proximate result of the Defendant's refusal to pay the Plaintiff's claim in the full amount, the Plaintiff has been required to retain the services of the undersigned attorney to represent and protect the Plaintiff's interests, and Plaintiff has become obliged to pay reasonable attorney's fees for legal services in bringing and prosecuting this action.

19. If the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney's fees and costs pursuant to Florida law at the time of the effective date of the Policy.

WHEREFORE, the Plaintiff, BIMINI BAIT SHACK, LLC, demands judgment against the Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY D/B/A CHUBB, for damages, including but not limited to, damage to the building and contents, interest allowed by law, reasonable attorney's fees and costs pursuant to Florida law and/or contract, and such other and further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff further demands a trial by jury of all issues triable as a matter of right.

**Dated this Monday, January 13, 2025.**

**[Certificate of Service and signature on following page.]**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on January 13, 2025, a true and correct copy of the foregoing was furnished via the Florida Courts E-Filing Portal to all counsel of record.

**Wind Law Group, PLLC**
Attorney for Plaintiff
<u>Mailing Address:</u>
8570 Stirling Rd., Suite 102-406
Hollywood, FL 33024
Phone: (305) 801-9463
Fax: (786) 592-5581
Robert@windlawgroup.com (Primary)
service@windlawgroup.com (Secondary)

By:    */s/ Robert Gallagher, Esq.*
            Robert Gallagher, Esq.
            Florida Bar #1004376